**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

MICHAEL LEE ARNETT, )
)
          Plaintiff, )
  vs. )   4:09-cv-098-SEB-WGH
)
KARLA (LAST NAME UNKNOWN), et al., )
)
          Defendants. )

**Entry Granting Motion for Summary Judgment**

**I.**

The defendants' unopposed motion for summary judgment filed on October 29, 2010 (dkt 25), is **granted** because the undisputed facts shown by the evidentiary record establish that the defendants are entitled to judgment as a matter of law. Specifically, that record establishes that:

1. Michael Arnett was booked into the Jefferson County Jail on September 13, 2008, on charges stemming from operating a motor vehicle while intoxicated with habitual offender status. On January 13, 2009, Arnett was transferred to the Clark County Jail to face pending charges there. On February 23, 2009, Arnett returned to the Jefferson County Jail.

2. Arnett was subjected to a strip search on March 20, 2009, after the Jail officers were informed by other inmates that Arnett possessed contraband. During a routine shakedown that day, Jailer Amy Yeager found the following contraband in Arnett's cell: a razor, a pack of gum, toothpicks, a pen, and some string. Arnett also had contact with the public and had been exposed to "tools, medical instruments, or sharp culinary items."

3. On February 27, 2009, the Jail doctor prescribed Arnett a seven-day course of 500 mg of amoxicillin for a sinus infection.

4. On April 1, 2009, the doctor prescribed Arnett Tylenol, Orasol gel, and a ten-day course of 500 mg of Amoxicillin for his sore throat, tooth decay, and tooth pain.

5. On April 24, 2009, the doctor believed that Arnett had an infected lesion on his face caused after shaving. He prescribed Arnett antibiotic ointment and 100mg of Doxycycline to be taken twice daily for 10 days until May 3, 2009. He also prescribed hydrocortisone cream to apply on the face for three days and a seven-day course of 500 mg of amoxicillin for his sore throat. (Exhibit 2, pp. 7-8). Arnett received and took this prescribed medication in compliance with the doctor's orders.

6. On May 13, 2009, Arnett was transferred to the Clark County Jail from the Jefferson County Jail.

## II.

Arnett's claims are brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Because Arnett was a pretrial detainee during the relevant time period, his allegations concerning the conditions of his confinement at the Jail will be analyzed under the standards of the Eighth Amendment. This is because the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner, *Revere v. Massachusetts General Hosp.,* 463 U.S. 239 (1983); *Hall v. Ryan,* 957 F.2d 402, 404 (7th Cir. 1992), and an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee. *Bell v. Wolfish,* 441 U.S. 520, 536 n.16; (1979); *Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988).

Based on the facts set forth above, Arnett's constitutional rights were not violated.

## A.

First, there is no evidence that Arnett was subjected to unreasonable strip searches at the Jefferson County Jail. The standard for a 42 U.S.C. §1983 constitutional violation based on the Eighth and/or Fourteenth Amendment for strip searches requires they be reasonable in their inception and conduct. In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that courts must balance the prison's significant and legitimate interests in safety and security with the privacy interests of the individuals. It presented four factors for a court to consider in that balance: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. *Id.* at 559. "Only those bodily searches of prisoners that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional. . . ." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004).

Arnett was strip searched on February 23, 2009, when he was transferred to the Jefferson County Jail from the Clark County Jail and again on March 20, 2009, after Jail officers were informed by other inmates that Arnett possessed contraband and contraband was discovered in his cell. These strip searches had a penological purpose, institutional security. See *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998). Without evidence to support a claim that the strip searches were maliciously motivated with the intent to humiliate and cause psychological harm, or unrelated to institutional security, and hence without any penological justification, summary judgment must be entered in favor of the defendants on this claim.

**B.**

Second, there is no evidence that the defendants were deliberately indifferent to Arnett's health. To prevail on a claim under § 1983 for inadequate medical care, an inmate must show that the prison official named as defendant is "deliberately indifferent to the prisoner's health—that is, only if he 'knows of and disregards an excessive risk to the inmate health or safety." *Sellars v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U.S. 825, 838 (1994). To establish "deliberate indifference" an inmate must prove: "[1] actual knowledge by the officials and guards of the existence of the substantial risk and [2] that the officials had considered the possibility that the risk could cause serious harm. . . ." *Washington v. Laporte County Sheriff's Department*, 306 F.3d 515-19 (2002).

Arnett alleges that the Jail staff deliberately ignored his medical condition due to their inaction when informing them that he had a bacterial infection on his face. However, there is no evidence of any deliberate indifference. Arnett was treated by the Jail nurse and doctor on numerous occasions during his time as an inmate in the Jefferson County Jail. Specifically on April 24, 2009, Arnett was seen by the doctor, who prescribed him 100mg of Doxycycline to be taken twice daily for ten days until May 3, 2009, to treat his facial infection. No records indicated that Arnett complained to the Jail or medical staff after such date in regards to this infection. There is no evidence of any intentional act by the defendants to harm Arnett. Accordingly, the defendants are entitled to summary judgment on this claim.

**III.**

The absence of a genuine dispute of material fact under the applicable law entitles the defendants to the entry of summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 (1986). That motion (dkt 25) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/17/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana